# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP; WOODROW BILLUPS; and KEITH MCNEAR, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>EMANUEL COUNTY BOARD OF )<br>COMMISSIONERS; RUSTY LANE, in his )<br>official capacity as Chairman; DESSE DAVIS, )<br>in his official capacity as Vice Chairman; MATT )<br>BLACKBURN, in his official capacity as )<br>Commissioner; HUGH FOSKEY, in his official )<br>capacity as Commissioner; KEITH R. )<br>THOMPSON, in his official capacity as )<br>Commissioner; BEAU J. GUNN, in his official )<br>capacity as Emanuel County Administrator; )<br>EMANUEL COUNTY BOARD OF ELECTIONS; )<br>KERRY K. CURRY, in her official capacity as )<br>Director of Elections; EMANUEL COUNTY )<br>SCHOOL DISTRICT; EMANUEL COUNTY )<br>SCHOOL BOARD; FRANK ELLIS, in his official )<br>capacity as Chair; ADAM LANE, in his official )<br>capacity as Vice Chair; MASON HENRY, in his )<br>official capacity as Board Member; ELLIS )<br>HOOKS, in his official capacity as Board Member; )<br>STEVE MEEKS, in his official capacity as Board )<br>Member; JOHNNY PARKER, in his official )<br>capacity as Board Member; BILL ROGERS, JR., )<br>in his official capacity as Board Member, )<br>)<br>Defendants. ) | CIVIL ACTION FILE<br><br>NO.  6:16-CV-21-JRH-GRS |

**ANSWER TO COMPLAINT AND RESPONSIVE PLEADINGS ON BEHALF OF DEFENDANTS EMANUEL COUNTY SCHOOL DISTRICT, EMANUEL COUNTY SCHOOL BOARD, AND FRANK ELLIS, ADAM LANE, MASON HENRY, ELLIS HOOKS, STEVE MEEKS, JOHNNY PARKER AND BILL ROGERS, JR. IN THEIR OFFICIAL CAPACITY AS BOARD MEMBERS**

COME NOW Defendants Emanuel County School District, Emanuel County School Board, and Frank Ellis, Adam Lane, Mason Henry, Ellis Hooks, Steve Meeks, Johnny Parker and Bill Rogers, Jr., in their official capacity as Emanuel County Board of Education Members (hereafter referred to as "these Defendants"), by and through their undersigned counsel, and respond to Plaintiffs' Complaint as follows:

## FIRST DEFENSE

Plaintiffs' Complaint against these Defendants fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' Complaint requests relief that will result in a violation of the U.S. Constitution and/or relevant election laws.

## THIRD DEFENSE

The Emanuel County School Board is not a proper party defendant capable of being sued.

## FOURTH DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrines of collateral estoppel and/or res judicata.

## FIFTH DEFENSE

As to some or all of the claims set forth in their Complaint, these Plaintiffs lack standing to raise these issues before this Court.

## SIXTH DEFENSE

In responding to the separately numbered paragraphs of Plaintiffs' Complaint (hereafter "Complaint"), these Defendants state:

2

## I. INTRODUCTION

1.

In response to the allegations of paragraph 1 of Plaintiffs' Complaint, these Defendants state that the Emanuel County School District provides public education for the students in Emanuel County and that its Board of Education is the governing body for the School District. Defendants further state that the Board of Education enacts policies for the School District and hires all employees of the School District upon the recommendation of the Superintendent. These Defendants deny all remaining allegations of paragraph 1 of Plaintiffs' Complaint as stated.

2.

These Defendants admit that 43 percent of the children in the Emanuel County public schools are African-American, and are without sufficient knowledge and information either to admit or deny that African-Americans comprise more than 31 percent of the County's voting-age population. These Defendants deny the remaining allegations of paragraph 2 of Plaintiffs' Complaint.

3.

These Defendants admit that the School Board has seven members, each of whom represents a different, single-member district within the County and each of whom is chosen in a partisan election that requires a majority vote, but deny the remaining allegations of paragraph 3 of Plaintiffs' Complaint.

4.

These Defendants deny the allegations of paragraph 4 of Plaintiffs' Complaint.

5.

These Defendants deny the allegations of paragraph 5 of Plaintiffs' Complaint.

6.

The allegations of paragraph 6 of Plaintiffs' Complaint set forth the contentions of Plaintiffs in this action, which require no response from Defendants. To the extent that one is required, Defendants deny that they violated the VRA and further deny that Plaintiffs are entitled to any relief that they seek.

## II.    THE PARTIES

7.

These Defendants deny any violations of the VRA but are without sufficient knowledge and information either to admit or deny the remaining allegations of paragraph 7 of Plaintiffs' Complaint.

8.

These Defendants deny any violations of the VRA but are without sufficient knowledge and information either to admit or deny the remaining allegations of paragraph 8 of Plaintiffs' Complaint.

9.

These Defendants deny any violations of the VRA, but are without sufficient knowledge and information either to admit or deny the remaining allegations of paragraph 9 of Plaintiffs' Complaint.

10.

These Defendants admit that Emanuel County, Georgia is a geographical and political subdivision of the State of Georgia, located within the Southern District of Georgia. The remaining allegations of paragraph 10 of Plaintiffs' Complaint set forth the contentions of Plaintiffs in this action, which require no response from Defendants. To the extent that one is

required, Defendants deny that they violated the VRA or any applicable state and federal voting laws.

11.

These Defendants are without sufficient knowledge and information either to admit or deny the allegations of paragraph 11 of Plaintiffs' Complaint but deny that the Board of Commissioners has any authority with regard to voting districts for the Board of Education.

12.

Upon information and belief, these Defendants admit the allegations of paragraph 12 of Plaintiffs' Complaint.

13.

These Defendants state that Defendant Beau J. Gunn was the former Emanuel County Administrator.

14.

These Defendants are without sufficient knowledge and information either to admit or deny the allegations of paragraph 14 of Plaintiffs' Complaint.

15.

Upon information and belief, these Defendants admit the allegations of paragraph 15 of Plaintiffs' Complaint.

16.

These Defendants admit the allegations of paragraph 16 of Plaintiffs' Complaint.

17.

In response to the allegations of paragraph 17 of Plaintiffs' Complaint, these Defendants state that the Emanuel County Board of Education is the governing body of the School District but deny that the Board of Education is a proper party.

18.

These Defendants admit the allegations of paragraph 18 of Plaintiffs' Complaint.

### III.   JURISDICTION

19.

Defendants admit that this Court has jurisdiction over causes of action arising under the statutes cited but deny that Plaintiffs have a cause of action against them.

20.

Defendants admit that this Court has jurisdiction over causes of action arising under the statutes cited but deny that Plaintiffs have a cause of action against them or that Plaintiffs are entitled to any relief.

21.

These Defendants admit the allegations contained in paragraph 21 of Plaintiffs' Complaint as to them.

22.

These Defendants admit that venue is proper.

### IV.   FACTS AND BACKGROUND

23.

The allegations of paragraph 23 of Plaintiffs' Complaint contain statements of law, to which a response is not required. To the extent a response is required, these Defendants deny that they violated the VRA or any other law.

24.

These Defendants admit that there is one district with a significant African American majority but are without sufficient knowledge and information either to admit or deny that African Americans make up 31 percent of the voting age population. These Defendants deny the

remaining allegations of paragraph 24 of Plaintiffs' Complaint.

25.

These Defendants deny the allegations of paragraph 25 of Plaintiffs' Complaint.

26.

These Defendants admit the County is located in east-central Georgia, and upon information and belief admit the remaining allegations of paragraph 26 of Plaintiffs' Complaint.

27.

Upon information and belief, these Defendants admit the allegations of paragraph 27 of Plaintiffs' Complaint.

28.

These Defendants are without sufficient knowledge and information either to admit or deny the allegations of paragraph 28 of Plaintiffs' Complaint.

29.

These Defendants admit that the County has only one school district, that for the 2013-2014 school year the School District enrolled approximately 4,375 students, and that approximately 43 percent of those students were African-American. These Defendants deny the remaining allegations of paragraph 29 of Plaintiffs' Complaint.

30.

These Defendants admit the allegations of paragraph 30 of Plaintiffs' Complaint.

31.

These Defendants admit the allegations of paragraph 31 of Plaintiffs' Complaint.

32.

These Defendants admit that the Districting Plan was approved and went into effect in 2012 and has now been used in two election cycles (2012 and 2014) but deny the remaining

allegations of paragraph 32 of Plaintiffs' Complaint.

33.

Upon information and belief, these Defendants admit the allegations of paragraph 33 of Plaintiffs' Complaint.

34.

Upon information and belief, these Defendants admit the allegations of paragraph 34 of Plaintiffs' Complaint.

35.

These Defendants deny the allegations of paragraph 35 of Plaintiffs' Complaint.

36.

These Defendants deny the allegations of paragraph 36 of Plaintiffs' Complaint.

37.

These Defendants deny the allegations of paragraph 37 of Plaintiffs' Complaint.

38.

These Defendants admit that no more than one African American has ever held a seat on the School Board at any time and that the only African American candidates who have been elected to the School Board were elected from the majority African American district. These Defendants deny the remaining allegations of paragraph 38 of Plaintiffs' Complaint.

39.

These Defendants admit that an African American has been elected to School Board District 5 ever since District voting began but deny the remaining allegations of paragraph 39 of Plaintiffs' Complaint.

40.

Given the breadth of the timeframe, these Defendants are without sufficient knowledge

and information either to admit or deny the allegations of paragraph 40 of Plaintiffs' Complaint.

41.

These Defendants are without sufficient knowledge and information either to admit or deny the allegations of paragraph 41 of Plaintiffs' Complaint.

42.

These Defendants are without sufficient knowledge and information either to admit or deny the allegations of paragraph 42 of Plaintiffs' Complaint.

43.

These Defendants admit that one current member of the Board of Commissioners is African-American but are without sufficient knowledge and information either to admit or deny the remaining allegations of paragraph 43 of Plaintiffs' Complaint.

44.

These Defendants admit the allegations of paragraph 44 of Plaintiffs' Complaint.

45.

These Defendants admit the allegations of paragraph 45 of Plaintiffs' Complaint.

46.

These Defendants admit the allegations of paragraph 46 of Plaintiffs' Complaint.

47.

These Defendants admit the allegations of paragraph 47 of Plaintiffs' Complaint.

48.

The allegations of paragraph 48 of Plaintiffs' Complaint contain statements of law, to which a response is not required. To the extent a response is required, these Defendants deny that they violated the VRA or any other law.

49.

These Defendants deny the allegations of paragraph 49 of Plaintiffs' Complaint.

50.

These Defendants are without sufficient knowledge and information either to admit or deny the allegations of paragraph 50 of Plaintiffs' Complaint.

51.

These Defendants are without sufficient knowledge and information either to admit or deny the allegations of paragraph 51 of Plaintiffs' Complaint.

52.

These Defendants deny the allegations of paragraph 52 of Plaintiffs' Complaint.

53.

Given the breadth of the timeframe, these Defendants are without sufficient knowledge and information either to admit or deny the allegations of paragraph 53 of Plaintiffs' Complaint.

54.

These Defendants deny the allegations of paragraph 54 of Plaintiffs' Complaint.

55.

These Defendants are without sufficient knowledge and information either to admit or deny the allegations in the first sentence of paragraph 55 of Plaintiffs' Complaint. The remaining allegations of paragraph 55 of Plaintiffs' Complaint contain a quote from a case, to which a response is not required. To the extent a response is required, these Defendants deny that they violated the VRA or any other law.

56.

These Defendants are without sufficient knowledge and information either to admit or deny the allegations of paragraph 56 of Plaintiffs' Complaint.

57.

These Defendants deny the allegations of paragraph 57 of Plaintiffs' Complaint.

58.

These Defendants admit that African American students make up approximately 43% of the student population in the County's schools but deny the remaining allegations of paragraph 58 of Plaintiffs' Complaint.

59.

These Defendants deny the allegations of paragraph 59 of Plaintiffs' Complaint.

60.

These Defendants deny the allegations of paragraph 60 of Plaintiffs' Complaint.

61.

These Defendants are without sufficient knowledge and information either to admit or deny the allegations of paragraph 61 of Plaintiffs' Complaint.

62.

These Defendants are without sufficient knowledge and information either to admit or deny the allegations of paragraph 62 of Plaintiffs' Complaint.

63.

These Defendants admit the allegations of paragraph 63 of Plaintiffs' Complaint.

64.

Upon information and belief, these Defendants admit the allegations of paragraph 64 of Plaintiffs' Complaint.

65.

These Defendants admit that Roberta Cross-Davenport, an African American candidate, ran for probate judge in Emanuel County and won in 1986 and died in office in November of

2001, but are without sufficient knowledge and information either to admit or deny the remaining allegations of paragraph 65 of Plaintiffs' Complaint.

### COUNT ONE: VIOLATION OF SECTION 2 OF THE VOTING RIGHTS ACT OF 1965

66.

These Defendants incorporate their responses to paragraphs 1 through 65 above in response to the allegations of paragraph 66 of Plaintiffs' Complaint.

67.

These Defendants deny the allegations of paragraph 67 of Plaintiffs' Complaint.

68.

These Defendants deny the allegations of paragraph 68 of Plaintiffs' Complaint.

69.

These Defendants deny the allegations of paragraph 69 of Plaintiffs' Complaint.

### V. PRAYER FOR RELIEF

These Defendants deny the allegations of Plaintiffs' Prayer for Relief, including subparts a through e.

### GENERAL DENIAL

Based on the foregoing, these Defendants state that Plaintiffs are not entitled to any of the relief prayed for in their Complaint;

WHEREFORE, having fully answered, these Defendants pray for judgment in their favor and against Plaintiffs, to be discharged without costs and to be awarded such costs, attorney's fees and relief as this Court may deem equitable and proper.

This 2nd day of May, 2016.

*s/Phillip L. Hartley*
Phillip L. Hartley
Georgia Bar No. 333987

*s/Hieu M. Nguyen*
Hieu M. Nguyen
Georgia Bar No. 382526

Harben, Hartley & Hawkins, LLP
Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501
Telephone: (770) 534-7341
Facsimile: (770) 532-0399
Email: phartley@hhhlawyers.com
Email: hnguyen@hhhlawyers.com

and

*s/Jerry N. Cadle*
Jerry N. Cadle
Georgia Bar No. 101650

Jerry N. Cadle P.C.
130 S. Main Street
P. O. Box 68
Swainsboro, Georgia 30401-2045
Telephone: (478) 237-2271
Email: jerry@cadlelawfirm.com

ATTORNEYS FOR DEFENDANTS EMANUEL COUNTY SCHOOL DISTRICT, EMANUEL COUNTY SCHOOL BOARD, FRANK ELLIS, ADAM LANE, MASON HENRY, ELLIS HOOKS, STEVE MEEKS, JOHNNY PARKER and BILLROGERS, JR.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP, *et al.*, ) ) ) | |
| Plaintiffs, ) ) | CIVIL ACTION FILE |
| v. ) ) | NO. 6:16-CV-21-JRH-GRS |
| EMANUEL COUNTY BOARD OF COMMISSIONERS, *et al.*, ) ) ) | |
| Defendants. ) ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2016, I electronically filed the *Answer to Complaint and Responsive Pleadings on Behalf of Defendants Emanuel County School District, Emanuel County School Board, and Frank Ellis, Adam Lane, Mason Henry, Ellis Hooks, Steve Meeks, Johnny Parker and Bill Rogers, Jr. in their Official Capacity as Board Members* with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

   Gail E. Podolsky – gpodolsky@carltonfields.com
   Jerry Wilson – lawoffice1998@gmail.com
   M. Eileen O'Connor – eoconnor@lawyerscommittee.org


                                       HARBEN, HARTLEY & HAWKINS, LLP

                                       *s/Hieu M. Nguyen*
                                       Hieu M. Nguyen
                                       Georgia Bar No. 382526

Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway                ATTORNEY FOR DEFENDANTS
Gainesville, Georgia 30501              EMANUEL COUNTY SCHOOL DISTRICT,
Telephone: (770) 534-7341               EMANUEL COUNTY SCHOOL BOARD,
Facsimile: (770) 532-0399               FRANK ELLIS, ADAM LANE, MASON HENRY,
Email: hnguyen@hhhlawyers.com           ELLIS HOOKS, STEVE MEEKS, JOHNNY
                                        PARKER and BILL ROGERS, JR.