IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP; OOWOODROW BILLUPS; and KEITH MCNEAR,<br><br>    Plaintiffs,<br><br>v.<br><br>EMANUEL COUNTY BOARD OF COMISSIONERS; RUSTY LANE, in his official capacity as Chairman; DESSE DAVIS, in his official capacity as Vice Chairman; MATT BLACKBURN, in his official capacity as Commissioner; HUGH FOSKEY, in his official capacity as Commissioner; KEITH R. THOMPSON, in his official capacity as Commissioner; Beau J. Gunn, in his official capacity as Emanuel County Administrator; EMANUEL COUNTY BOARD OF ELECTIONS; KERRY K. CURRY in her official capacity as Director of Elections; EMANUEL COUNTY SCHOOL DISTRICT; EMANUEL COUNTY SCHOOL BOARD; FRANK ELLIS, in his official capacity as Chair; ADAM LANE, in his official capacity as Vice Chair; MASON HENRY, in his official capacity as Board Member; ELLIS HOOKS, in his official capacity as Board Member; STEVE MEEKS, in his official capacity as Board Member; JOHNNY PARKER, in his official capacity as Board Member; BILL ROGERS, in his official capacity as Board Member,<br><br>    The County Defendants. | CIVIL ACTION NO. 6:16-CV-021 |

**THE COUNTY DEFENDANTS' ANSWER AND DEFENSES
TO PLAINTIFFS' COMPLAINT**

COME NOW, EMANUEL COUNTY BOARD OF COMISSIONERS; RUSTY LANE, DESSE DAVIS, MATT BLACKBURN, HUGH FOSKEY, and KEITH R. THOMPSON, in

their official capacities as County Commissioners[1]; BEAU J. GUNN, in his official capacity as the former Emanuel County Administrator[2]; EMANUEL COUNTY BOARD OF ELECTIONS; KERRY K. CURRY in her official capacity as Director of Elections, (hereinafter referred to as "the County The County Defendants"), The County Defendants in the above-styled action, and file their Answer and Defenses to Plaintiffs' Complaint showing this honorable Court the following:

### FIRST DEFENSE

Plaintiffs' Complaint against The County Defendants fails to state a claim upon which relief can be granted and should be dismissed.

### SECOND DEFENSE

Plaintiffs' Complaint requests relief that will result in a violation of the U.S. Constitution and relevant election laws.

### THIRD DEFENSE

The County Defendants are entitled to Eleventh Amendment, absolute, sovereign, governmental, official, qualified, discretionary-function, quasi-judicial, good-faith and all other immunities provided to them under federal law, the laws of the State of Georgia, the Georgia Constitution and the United States Constitution.

### FOURTH DEFENSE

The Plaintiffs have not been subjected to the deprivation of any rights, privileges, or immunities secured under the Constitution or the laws of the United States or the State of Georgia, therefore, the Complaint should be dismissed.

---

[1] Plaintiff's Complaint names Rusty Lane as Chairman of the Board of Commissioners. He is not the chair. Commissioner Desse Davis is the chair.

[2] Beau J. Gunn is no longer employed as the County Administrator.

**FIFTH DEFENSE**

Some or all Plaintiffs lack standing to file the claims asserted in the Complaint. The claims of any Plaintiff who lacks standing should be dismissed.

**SIXTH DEFENSE**

The County Defendants answer the numbered paragraphs of Plaintiffs' Complaint as follows:

1.

In response to Paragraph 1, the County Defendants state that the Emanuel County School District provides public education for the students in Emanuel County and that its Board of Education is the governing body for the School District. The County Defendants further state that the Board of Education enacts policies for the School District and hires all employees of the School District upon recommendation of the Superintendent. The County Defendants are without sufficient information or knowledge upon which to admit or deny the remaining allegations of paragraph 1.

2.

In response to paragraph 2, the County Defendants admit that 43 percent of the children in Emanuel County public schools are African American and that African Americans comprise more than 31 percent of the of the county's voting age population but deny the remaining allegations of paragraph 2 of Plaintiffs' Complaint.

3.

The County Defendants admit the School Board has seven members, each of whom represents a different single-member district within the county, and each of whom is chosen in an election that requires an absolute majority vote. The County Defendants are without sufficient

knowledge or information upon which to admit or deny the remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.

The County Defendants deny that the Districting Plan violates Section 2 of the Voting Rights Act. The County Defendants are without sufficient knowledge or information upon which to admit or deny the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.

The County Defendants deny the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.

Paragraph 6 summarizes Plaintiffs' requested legal remedies in the current action, and as such, requires no response by The County Defendants. To the extent a response is required the County Defendants deny the allegations of Paragraph 6 of Plaintiffs' Complaint and deny that they are entitled to the relief sought.

7.

The County Defendants are without sufficient knowledge or information upon which to admit or deny the first three sentences of Paragraph 7 of Plaintiffs' Complaint. The County Defendants deny the remaining allegations.

8.

In response to paragraph 8, the County Defendants admit that Mr. Billups is an African-American resident of Emanuel County and a registered voter. The County Defendants are without sufficient information of knowledge upon which to admit or deny whether he has been

able to elect candidates of his choice to the School Board. The County Defendants deny the remaining allegations of paragraph 8.

9.

In response to paragraph 9, the County Defendants admit that Mr. McNear is an African-American resident of Emanuel County and a registered voter. The County Defendants are without sufficient knowledge or information upon which to admit or deny whether he has been able to elect candidates of his choice to the School Board. The County Defendants deny the remaining allegations contained in Paragraph 9.

10.

The County Defendants admit Emanuel County is a geographical and political subdivision of Georgia, located within the Southern District of Georgia and further admit that they are being sued in present action but deny that Plaintiffs are entitled to the relief sought.

11.

Paragraph 11 of Plaintiffs' Complaint contains statements and conclusions of law to which no response is required. The County Defendants deny that they have authority with regard to the establishment of voting districts for the Board of Education.

12.

The County Defendants admit the allegations of Paragraph 12 of Plaintiffs' Complaint but deny any liability to Plaintiffs.

13

The County Defendants deny the allegations of Paragraph 13 of Plaintiffs' Complaint.

14.

Paragraph 14 of Plaintiffs' Complaint contains statements and conclusions of law to which no response is required. To the extent paragraph 14 contains any allegation against the County Defendants the same is denied.

15.

The County Defendants admit the allegations of Paragraph 15 of Plaintiffs' Complaint but deny that she is liable to Plaintiffs.

16.

The County Defendants admit the allegations of Paragraph 16 of Plaintiffs' Complaint.

17.

In response to paragraph 17, the County Defendants admit that the School Board is responsible for the governance and administration of the County's schools but deny that it is a legal entity capable of being sued or that it can be liable to Plaintiffs.

18.

The County Defendants admit the allegations of Paragraph 18 of Plaintiffs' Complaint.

19.

In response to paragraph 19, the County Defendants admit that this Court has jurisdiction and denies the remaining allegations of Paragraph 19 of Plaintiffs' Complaint.

20.

In response to paragraph 20, the County Defendants admit that this Court can grant injunctive and declaratory relief but deny that Plaintiffs are entitled to such relief against them.

21.

The County Defendants admit the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.

The County Defendants admit the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.

Paragraph 23 of Plaintiffs' Complaint contains statements and conclusions of law to which no response is required. To the extent that this paragraph contains any allegation against the County Defendants, the same is denied.

24.

In response to paragraph 24, the County Defendants admit that African Americans make up approximately 31% of the voting age population and deny the remaining allegations of Paragraph 24 of Plaintiffs' Complaint.

25.

The County Defendants deny the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.

The County Defendants admit the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27.

The County Defendants admit the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28.

The County Defendants admit the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.

The County Defendants admit the remaining allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.

The County Defendants admit the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31.

The County Defendants admit the remaining allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.

The County Defendants admit the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.

The County Defendants admit the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.

The County Defendants admit the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.

The County Defendants deny the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.

The County Defendants deny the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37.

The County Defendants deny the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.

In response to paragraph 38, the County Defendants admit no more than one African American has served on the school board at any one time and that African Americans who have been elected to the School Board were elected from the majority African American school district. The County Defendants deny the remaining allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.

The County Defendants admit that School Board District 5 has consistently elected an African-American representative to the Board and deny the remaining allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40.

The County Defendants admit the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.

The County Defendants admit that this suit does not challenge the County's plan for electing members of the Board of Commissioners and deny the remaining allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42.

In response to paragraph 42, the County Defendants deny that African American candidates have been defeated by white candidates in every district that does not contain an African American majority. The County Defendants admit the remaining allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43.

The County Defendants admit the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44.

The County Defendants admit the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45.

The County Defendants admit the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46.

The County Defendants admit the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.

The County Defendants admit the remaining allegations of paragraph 47.

48.

Paragraph 48 of Plaintiffs' Complaint contains statements and conclusions of law to which no response is required. To the extent this paragraph contains allegations against the County Defendants the same is denied.

49.

The County Defendants deny the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50.

The County Defendants deny the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51.

The County Defendants are without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52.

The County Defendants deny the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53.

The County Defendants are without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54.

The County Defendants deny the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55.

Paragraph 55 of Plaintiffs' Complaint contains statements and conclusions of law to which no response is required. To the extent this paragraph contains allegations against the County Defendants the same are denied.

56.

Paragraph 56 of Plaintiffs' Complaint contains statements and conclusions of law that are irrelevant to the approved election plan that is the subject of this lawsuit. To the extent this paragraph contains any allegation against the County Defendants the same is denied.

57.

The County Defendants deny the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58.

The County Defendants are without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59.

The County Defendants deny the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60.

The County Defendants deny the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61.

The County Defendants are without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62.

The County Defendants are without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63.

The County Defendants admit the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64.

The County Defendants are without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 64 of Plaintiffs' Complaint

65.

The County Defendants admit the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

66.

Defendant re-alleges and incorporates each and every response contained in Paragraphs 1 through 65 as if fully set forth verbatim.

67.

The County Defendants deny the allegations contained in Paragraph 67 of Plaintiffs' Complaint.

68.

The County Defendants deny the allegations contained in Paragraph 68 of Plaintiffs' Complaint.

69.

The County Defendants deny the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70.

The County Defendants deny any allegation of Plaintiffs' Complaint not specifically admitted herein and deny that Plaintiffs are entitled to the relief sought in the "Prayer for Relief" portion of their Complaint.

WHEREFORE, the County Defendants pray that Plaintiffs' Complaint be dismissed and that all costs of this action be cast against Plaintiffs.

This 2nd day of May, 2016.

OLIVER MANER LLP

**/s/ Patrick T. O'Connor**
PATRICK T. O'CONNOR
Georgia Bar No: 548425
pto@olivermaner.com

**/s/ Paul H. Threlkeld**
PAUL H. THRELKELD
Georgia Bar No. 710731
pht@olivermaner.com
Post Office Box 10186
Savannah, Georgia 31412

**/s/J. Franklin Edenfield**
J. FRANKLIN EDENFIELD
Georgia Bar No. 239125
jfe285@bellsouth.net
Spivey, Carlton & Edenfield, P.C.
Post Office Box 309
Swainsboro, Georgia 30401

*Attorneys for The County Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP; OOWOODROW BILLUPS; and KEITH MCNEAR, <br><br> Plaintiffs, <br><br> v. <br><br> EMANUEL COUNTY BOARD OF COMISSIONERS; RUSTY LANE, in his official capacity as Chairman; DESSE DAVIS, in his official capacity as Vice Chairman; MATT BLACKBURN, in his official capacity as Commissioner; HUGH FOSKEY, in his official capacity as Commissioner; KEITH R. THOMPSON, in his official capacity as Commissioner; Beau J. Gunn, in his official capacity as Emanuel County Administrator; EMANUEL COUNTY BOARD OF ELECTIONS; KERRY K. CURRY in her official capacity as Director of Elections; EMANUEL COUNTY SCHOOL DISTRICT; EMANUEL COUNTY SCHOOL BOARD; FRANK ELLIS, in his official capacity as Chair; ADAM LANE, in his official capacity as Vice Chair; MASON HENRY, in his official capacity as Board Member; ELLIS HOOKS, in his official capacity as Board Member; STEVE MEEKS, in his official capacity as Board Member; JOHNNY PARKER, in his official capacity as Board Member; BILL ROGERS, in his official capacity as Board Member, <br><br> The County Defendants. | CIVIL ACTION NO. 15-CV-123 |

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that I have this day served a copy of The County Defendants' Answer and Defenses upon all counsel of record by filing the same with the U.S. District Court CM/ECF system which will send electronic notices to the following:

15

| | | |
|---|---|---|
| Gail E. Podolsky<br>1201 Peachtree Street Suite 300<br>Atlanta, Georgia 30309 | Robert D. Helfand<br>John W. Herrington<br>One State Street, Suite 1800<br>Hartford, CT 06103 | Jerry Wilson, P.C.<br>P.O. Box 971<br>Redan, GA 30074 |

Ezra D. Rosenberg
M. Eileen O'Connor
Arusha Gordon
1401 New York Ave., NW
Suite 400
Washington, D.C. 20005

    This 2nd day of May, 2016.

                                    OLIVER MANER LLP

                                    **/s/ Paul H. Threlkeld**_____
                                    PAUL H. THRELKELD
                                    Georgia Bar No. 710731

Post Office Box 10186
Savannah, GA 31412
(912) 236-3311
pht@olivermaner.com